UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____a

In re: PURDUE PHARMA
BANKRUPTCY APPEALS

_____x

This Filing Relates to
_____x

ALL MATTERS

21 cv 7532 (CM)
21 cv 7961 (CM)
21 cv 7962 (CM)
21 cv 7966 (CM)
21 cv 7969 (CM)
21 cv 8034 (CM)
21 cv 8042 (CM)
21 cv 8049 (CM)
21 cv 8055 (CM)
21 cv 8139 (CM)

_____x

ORDER SCHEDULING CONFERENCE

McMahon, J.:

    I understand that the first-filed appeal in this matter was wheeled out and reassigned to me.

    I have accepted the other nine appeals from Judge Drain's order as related, as requested by the parties. The court's Assignment Committee ordered all ten cases assigned to my docket late yesterday afternoon.

    I apologize for the delay in getting these cases transferred to my docket. It was occasioned by an unusually thorough – and, as it turns out, unnecessary – conflicts check. Knowing that every creditor of Purdue has an interest in whether the settlement that Judge Drain has approved will be allowed to go forward or not, we were under the impression that it might be necessary to check my own "conflicts list" against the entire list of Purdue creditors – a not insubstantial task, which we actually began.

    However, yesterday afternoon Messers. Genna and Paez provided me with a copy of **JCUS Committee on Codes of Conduct Advisory Opinion No. 100: Identifying Parties in Bankruptcy Cases for Purposes of Disqualification**, which provides, in substance, that "simply being a creditor or an interest holder of a bankruptcy estate is not a sufficient interest to make that creditor a "party to the proceeding" for conflicts purposes….." The opinion, with which I am sure you are all familiar (though I was not), goes on to say, "…..if a creditor accepts appointment to a committee of creditors, that change in status is sufficient to make each such creditor or interest holder 'a party' because of the statutory responsibilities assumed by acceptance of such an appointment. In addition, the following participants in bankruptcy proceedings should be considered parties for these purposes: the debtor; a trustee; parties to an adversary proceeding; and

participants in a contested matter. These entities occupy a central role in the proceedings or are actively involved in matters requiring judicial adjudication. As a consequence, we advise that they are sufficiently akin to parties that they should be treated as such for purposes of judicial disqualification."

For my purposes the most important sentence in the opinion was this: "The Committee has advised……that in the ordinary bankruptcy case a judge has no obligation to review the schedules of creditors and interest holders to look for possibly disqualifying circumstances."

Once apprised of this opinion, I focused my conflicts check on those entities identified in Advisory Opinion No. 100 as "parties" for conflicts purposes. I am pleased to report that we got no hits. I can attest from personal knowledge that no member of my family has asserted any claim against Purdue. As I read the Advisory Opinion, that means I have no disqualifying conflict of interest.

While we were engaged in the more cumbersome conflicts checking process, we got one "hit" for a current personal investment – Microsoft – but as I understand it, Microsoft has simply filed a proof of claim and does not otherwise participate in the proceedings that are now on appeal. This, as I understand the rule, does not create a disqualifying conflict of interest, because Microsoft is not a "party" for conflicts purposes. If my understanding of Microsoft's role in connection with these appeals is incorrect, please advise me immediately.

Finally, the parties are advised that the Davis Polk firm represents my husband for estate planning purposes. The firm does not represent me for any purpose, and never has, and I do not recuse myself from matters in which Davis Polk appears.

Anyway, that is the reason for the delay. I trust it will be the last delay we experience.

It occurs to me that we should be able to get this appeal briefed swiftly. From what I know of this case, the principal issue to be decided on appeal is the legality of the provision of the settlement that protects the members of the Sackler family from further civil litigation over opioids, in exchange for their contribution toward the settlement fund. That issue was fully briefed before Judge Drain. I see no reason why we cannot either rely on the briefs below for that issue or supplement them with short additional briefs that address relevant aspects of Judge Drain's decision. Doing so would tee up the issue in which everyone is interested in very short order.

If there are other aspects of Judge Drain's order approving the settlement that are being contested on appeal, I need to be educated about them quickly.

I would like to schedule a conference, both to finalize the briefing schedule and to acquaint me with any issues aside from the Sackler liability discharge that will have to be decided on these appeals. I understand the urgency of this matter, and it is important to me that we move as quickly as possible -- consistent, of course, with getting the law right.

I propose that we hold the conference on Tuesday, October 12, 2021, at 2 PM in my courtroom, which is Room 24A in the Moynihan Courthouse at 500 Pearl Street. If that date and

time do not work, please propose something else, as long as it is prior to October 19. By the close of business on October 18, I want to have a schedule set in stone.

      Pandemic or not, I prefer to have counsel appear in person for this conference. We obviously cannot accommodate entire teams of lawyers, even in my oversized courtroom, so I ask that only lawyers who will have a speaking role appear in person. We will have call in numbers for counsel who cannot get to the courthouse and for members of the public. I want to emphasize that this is strictly a scheduling conference; there will be no discussion of the merits of any issue. But I recognize that there is great public interest in this matter, and we will of course accommodate it.

      I look forward to working with you.

Dated: October 6, 2021

                                                                              _____
                                                                                        U.S.D.J.

BY ECF TO ALL COUNSEL OF RECORD