UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re: PURDUE PHARMA
BANKRUPTCY APPEALS

------------------------------------------------------------x

This Filing Relates to

------------------------------------------------------------x

ALL MATTERS

21 cv 7532 (CM)
21 cv 7585 (CM)
21 cv 7961 (CM)
21 cv 7962 (CM)
21 cv 7966 (CM)
21 cv 7969 (CM)
21 cv 8034 (CM)
21 cv 8042 (CM)
21 cv 8049 (CM)
21 cv 8055 (CM)
21 cv 8139 (CM)
21 cv 8258 (CM)
21 cv 8271 (CM)

------------------------------------------------------------x

## ORDER CORRECTING PRIOR DECISION

McMahon, J.,

    I received over the weekend a motion from the U.S. Trustee for "clarification" of the court's order dated October 14, 2021. (Docket No. 64). In addition to its request for clarification, the U.S. Trustee asks the court to order the Debtors to provide this court with a weekly written accounting of any activities that it takes between now and the date when this court decides the pending appeal – presumably so Appellants can assess, in light of the doctrine of equitable mootness, whether or not the time to move anew for a stay pending appeal has come.[1]

    I confess error. I had believed, following our lengthy conference of last week, that the only preparatory actions being taken by the Debtors prior between now and the Effective Date were being undertaken pursuant to the Advance Order. Apparently I was mistaken in that belief; some actions that would allow for quick effectuation of the Plan are being undertaken, or may be undertaken, pursuant to the authority of Paragraph 8 of the Confirmation Order. I had intended for the stipulation on which my denial of a stay pending appeal was conditioned to include all such actions, regardless of which Order authorized them; in my effort to be quite precise, I caused the order to be erroneous.

    I therefore correct the order so that the first full paragraph on page 13 reads as follows:

---

[1] The fact that a motion for just such a stay is pending before the Bankruptcy Court, and is to be heard on November 9, is not lost on this court.

>Moreover, at oral argument the Debtors and representatives of at least two of the Committees that support the Plan agreed to enter into a written stipulation that they would not ever argue to any court that the pending appeals had been rendered equitably moot by the actions undertaken *in advance of the Effective Date in furtherance of carrying out the Plan, whether pursuant to the Advance Order or the Confirmation Order*. I am prepared to condition denial of this motion on the entry of such a written stipulation by the Debtors, all Appellants and proponents of the Plan.

This is entirely my fault, and I apologize, especially to Appellees and others who signed with alacrity a stipulation that apparently does not cover all that I intended it to cover. (Docket No. 62). I emphasize this is a correction – not a clarification, and certainly not reconsideration. It is what I intended all along. And I think all parties know that.

    The U.S. Trustee asks that this stipulation cover criminal sentencing as well as actions taken pursuant to the Advance and Confirmation Orders. I am mystified by this request. The last time I looked, criminal sentencing was an action performed by a judge, not by the defendant being sentenced. Moreover, the judge acts pursuant to her Article III authority and the criminal laws of the United States, not as a result of any Plan of Reorganization confirmed by a Bankruptcy Court. So I do not understand how Purdue's being sentenced could be taxed to the Debtor as an action taken in furtherance of the Plan for equitable mootness purposes. The U.S. Trustee does not offer any explanation for this aspect of his request. The fact that the Effective Date cannot occur until eight days after the sentencing does not make the sentencing an action undertaken pursuant to the Plan, or the Advance Order or the Confirmation Order. And should the judge decide to order restitution pursuant to the Mandatory Victim's Restitution Act, she will be doing so on the authority of 18 U.S.C. § 3363A. I thus see no reason to grant the request; I do not even understand it.

    As for the request for weekly updates: that is an entirely new request for relief. It is denied.

Dated: October 18, 2021

                                                                            _/s/ Colleen McMahon_
                                                                                U.S.D.J.

BY ECF TO ALL COUNSEL