UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br>BANKRUPTCY APPEALS<br><br>This Filing Relates to<br><br><br>ALL MATTERS | 21 cv 7532 (CM)<br>21 cv 7585 (CM)<br>21 cv 7961 (CM)<br>21 cv 7962 (CM)<br>21 cv 7966 (CM)<br>21 cv 7969 (CM)<br>21 cv 8034 (CM)<br>21 cv 8042 (CM)<br>21 cv 8049 (CM)<br>21 cv 8055 (CM)<br>21 cv 8139 (CM)<br>21 cv 8258 (CM)<br>21 cv 8271 (CM)<br>21 cv 8548 (CM)<br>21 cv 8557 (CM)<br>21 cv 8566 (CM)<br><br>On Appeal from the United States Bankruptcy Court for the Southern District of New York |

**RESPONSE OF THE DEBTORS TO
<u>ELLEN ISAACS' MOTION FOR SANCTIONS AGAINST DAVIS POLK</u>**

Purdue Pharma L.P. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "**Debtors**") submit this response to the *Motion for Sanctions Against Davis Polk* (Case No. 21-cv-07532, Dkt. No. 216) (the "**Motion**") filed by Ellen Isaacs ("**Ms. Isaacs**").

## **RESPONSE**

The Debtors are sympathetic to all of those affected by the opioid crisis, including Ms. Isaacs, and are understanding of how challenging it can be for parties to proceed *pro se*. Accordingly, from the very beginning of these Chapter 11 cases, the Debtors have provided parties and the public with extraordinary access to these cases, including through free access to all filings in the proceedings through the website of Debtor's claims and noticing agent Prime Clerk LLC ("**Prime Clerk**") and toll-free dial-in access to hearings before Judge Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors and the Official Committee of Unsecured Creditors (the "**UCC**") have also had extensive communication with *pro se* claimants in an effort to answer questions and resolve concerns. This commitment to transparency has continued in the consolidated appeals pending before this Court. From the outset, and although the Debtors have not been movants on matters before this Court, counsel for the Debtors have continued to provide access to all filings in proceedings in both the Bankruptcy Court and this Court, and where possible to do so without crossing the line into legal advice, have provided *pro se* appellants with information related to appeal processes, procedures, and deadlines. Indeed, as shown below, the Debtors have been extremely responsive to *pro se* appellants, including Ms. Isaacs, via email and, in conjunction with the UCC, have made themselves available for multiple phone calls.

Despite this considerable level of access to court filings, hearings, and information, and despite attempts by the Debtors' counsel to provide assistance to the *pro se* appellants, Ms. Isaacs now asserts that she is entitled to $17 billion in sanctions because counsel to the Debtors have "continually and systematically not provided [her] with proper due process of the pleadings in these proceedings." (Mot. ¶ 1-10, at 4.) This assertion is wholly without merit, and the Motion should be denied.

*First*, in accordance with the Federal Rules of Civil Procedure and the Electronic Case Filing Rules & Instructions for the Southern District of New York, the Debtors have served parties who are not able to file or receive filings electronically through the ECF system with a paper copy of each of the Debtors' pleading at the address provided.[1] *See* Fed. R. Civ. P. 5(b)(2)(C); Electronic Case Filing Rules & Instructions, NY R USDCTSD CM/ECF, S.D. (I)(9)(9.2). Ms. Isaacs, who does not have access to the ECF system, provided a P.O. Box address, and the Debtors have served her with a paper copy of all documents filed by the Debtors at that address. Accordingly, Ms. Isaacs has received adequate service of process.

*Second*, the Debtors have gone above and beyond to assist Ms. Isaacs and ensure that she has information regarding processes, procedures, and filings. On October 21, 2021, the Debtors explained to Ms. Isaacs (and all *pro se* appellants) in writing that the Debtors would be serving her with a paper copy of all documents the Debtors file at the P.O. Box address provided. The Debtors also explained how to sign up for electronic service of documents, attached the necessary "Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents

---

[1] Affidavit of Service, (Oct. 21, 2021), Dkt. No. 76; Affidavit of Service (Oct. 25, 2021), Dkt. No. 93; Affidavit of Service (Oct. 28, 2021), Dkt. No. 122; Affidavit of Service (Oct. 28, 2021), Dkt. No. 125; Affidavit of Service (Nov. 17, 2021), Dkt. No. 175; Affidavit of Service (Nov. 24, 2021), Dkt. No. 208; Affidavit of Service (Nov. 24, 2021), Dkt. No. 209.

Electronically," and provided the direct link to the Prime Clerk website where all filings are available free of charge.

On October 22, 2021, in response to an email from Ms. Isaacs, the Debtors emailed Ms. Isaacs this Court's memo endorsement issued on Ms. Isaacs' letter dated October 21, 2021 (Case No. 21-07532, Dkt. No. 86) and confirmed that her brief was due October 29, 2021.  In response to another email from Ms. Isaacs on October 22, the Debtors provided additional information about oral argument on the appeal, again explained how to sign up for electronic service, and again provided the direct link to the Prime Clerk website.  The Debtors conveyed this same information with respect to registering for electronic service and filings being available free of charge on Prime Clerk's website to Ms. Isaacs and the other *pro se* appellants again on October 25, 2021.  To date, the Debtors do not believe Ms. Isaacs has signed up for PACER or submitted the required consent form to receive filings electronically.

On October 27, 2021, <u>as a courtesy</u>, the Debtors emailed Ms. Isaacs and the other *pro se* appellants this Court's *Order Denying Motion to Continue* (Case No. 21-07532, Dkt. No. 109) and *Order Granting Permission for the Pro Se Plaintiff to Participate in Appeal by Telephone* Case No. 21-08566, Dkt. No. 17), noting that (i) *pro se* appellant briefs were due October 29, 2021, (ii) the documents for these cases would remain subject to the Bankruptcy Court's *Third Amended Protective Order* (Case No. 19-23649, Dkt. No. 1935), and (iii) *pro se* appellants would be allowed to participate in the hearing by telephone.  The Debtors corresponded with Ms. Isaacs regarding the *Order Granting Permission for the Pro Se Plaintiff to Participate in Appeal by Telephone* no less than three times between November 8 and November 9.

As Ms. Isaacs alludes to in the Motion (*see* Mot. ¶ 4), during the November 18, 2021 hearing before the Bankruptcy Court, Ms. Isaacs indicated that she was not receiving the paper

4

copies of the Debtors' filings and that she was having issues with Prime Clerk's website.[2] (*See* Case No. 19-23649, Nov. 18, 2021 Omnibus Hr'g Tr. 55:8-12.) The Bankruptcy Court, not counsel to the Debtors (*see* Mot. ¶ 4), asked Ms. Isaacs where future pleadings should be sent, and Ms. Isaacs then provided her email address. (Case No. 19-23649, Nov. 18, 2021 Omnibus Hr'g Tr. at 66:13-15.) Notably, this colloquy between Ms. Isaacs and the Bankruptcy Court occurred <u>after</u> the Debtors already had served Ms. Isaacs with a paper copy of the Debtors' responsive appeal brief and related documents. (*See* Case No. 21-07532, Dkt. No. 175 (stating that the Debtors' Brief, Appendices, and Addenda of Unpublished Authority were served on Ms. Isaacs via First Class Mail on November 15, 2021).)

On November 22, 2021, Ms. Isaacs sent an email indicating that she had not received any of the appellees' briefs. Noting that the Debtors served Ms. Isaacs with a paper copy of the Debtors' brief and related documents, <u>as a courtesy</u>, the Debtors immediately emailed Ms. Isaacs a copy of the Debtors' appeal brief and, due to the size of the documents, sent the Appendices and Addenda of Unpublished Authority via Davis Polk's file transfer software. In response to another email from Ms. Isaacs on November 22, the Debtors stated that going forward, the Debtors would email Ms. Isaacs all documents filed by the Debtors and encouraged other parties to do the same for the documents they file. The Debtors also (i) reiterated that the Debtors' service of paper copies of documents was necessary to effectuate service, (ii) explained how to sign up for electronic service, and (iii) again provided direct links to all of the appeal dockets and

---

[2] Although there have been no other complaints regarding access to Prime Clerk's website, the Debtors looked into this issue. The Debtors understand from Prime Clerk that the website was under maintenance on June 15, 2021, and September 25, 2021, and that the website was down for less than 25 minutes between 10:00 p.m. and 12:00 a.m. on each of those dates. The Debtors have not been made aware of any troubles with the Prime Clerk website that would have prevented access during the times that are the subject of Ms. Isaacs' complaints.

5

the main case docket on Prime Clerk's website.  In addition, <u>as a further courtesy</u>, on the evening of November 22, the Debtors emailed Ms. Isaacs the reply briefs filed by the various appellants.  Finally, as Ms. Isaacs notes (Mot. ¶ 7-8), on November 23, 2021, at the UCC's suggestion and purely as <u>yet another courtesy</u> to Ms. Isaacs as a *pro se* appellant, the Debtors and the UCC agreed not to object to Ms. Isaacs filing her appeal reply brief by the end of the day on November 28, 2021, if she petitioned the Court for an extension.

As just described, not only have the Debtors timely and properly served Ms. Isaacs with all of the Debtors' filings, they have continued to assist Ms. Isaacs and the other *pro se* appellants at every turn, going far beyond what is required to satisfy due process.  Accordingly, there is no possible basis for sanctions against the Debtors' counsel.  For the reasons set forth herein, the Debtors request that the Court deny the Motion.


Dated:   November 30, 2021
         New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ James I. McClammy*
      Marshall S. Huebner
      Benjamin S. Kaminetzky
      James I. McClammy
      Marc J. Tobak
      Gerard X. McCarthy
      450 Lexington Avenue
      New York, New York 10017
      Telephone: (212) 450-4000
      Facsimile: (212) 701-5800

      *Counsel to the Debtors-Appellees*