# Exhibit A





[Help Center](#)

# Jurisdiction to Enjoin Claims of Third Parties Correcting a Flawed Analysis

**Journal Issue:** May 2000

**Column Name:** On the Edge

**Journal Article:**
One of the On the Edge topics debated today in chapter 11 practice is whether bankruptcy courts can effectively discharge claims against non-debtor parties through a permanent post-confirmation third-party injunction.

The early chapter 11 mass-tort cases developed the use of "channeling injunctions", issued by the bankruptcy court under the debtor's plan of reorganization, to bar claimants from asserting claims against settling insurance carriers, the reorganized debtor and other third parties providing consideration under the plan. These injunctions usually apply to present claimants and, of necessity in the mass-tort context, to so-called "future" claimants whose claims will not manifest themselves until after the bankruptcy case is over.

Concerns are sometimes expressed that the bankruptcy court does not have the power to issue these channeling injunctions. More frequently, concerns are expressed that the broad scope of such injunctions effectively grants a release to third parties in violation of §524(e) of the Bankruptcy Code.

The circuit courts are split on whether a bankruptcy court can, under any circumstances, issue a permanent injunction that protects non-debtor third parties from liability. The underlying reason for this divergence stems from differing views on the preclusive effect of §524(e) over the application of the broad equitable powers found in §105(a). The Second and Fourth Circuits have approved, where appropriate, permanent post-confirmation third-party injunctions without the affected creditor's consent. *See Securities & Exch. Comm'n v. Drexel Burnham Lambert Group Inc. (In re Drexel Burnham Lambert Group Inc.), 960 F.2d 285, 292 (2d Cir. 1992)*; *Menard-Sanford v. Mabey (In re A.H. Robins Co.), 880 F.2d 694, 700-02 (4th Cir.), cert. denied, 493 U.S. 959 (1989)*; *MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 837 F.2d 89, 92-94 (2d Cir. 1988), cert. denied, 493 U.S. 959 (1989)*.

The Seventh and District of Columbia Circuits have approved permanent post-confirmation injunctions enjoining actions against third parties, but only with respect to those creditors who consent to the relief. *See In re Specialty Equip. Cos., 3 F.3d 1043, 1047 (7th Cir. 1993)*; *In re AOV Indus., 792 F.2d 1140, 1153 (D.C. Cir. 1986)*.

The Ninth and Tenth Circuits seem to prohibit third-party releases altogether. *See [Resorts Int'l Inc. v. Lowenschuss (In re Lowenschuss), 67 F.2d 1394, 1401-02 (9th Cir. 1995), cert. denied, 517 U.S. 1243 (1996)](#)*; *[Landsing Diversified Properties-II v. First Nat'l Bank & Trust Co. (In re Western Real Estate Fund Inc.), 922 F.2d 592, 601 (10th Cir. 1990)](#)*; *[American Hardwoods Inc. v. Deutsche Credit Corp. (In re American Hardwoods Inc.), 885 F.2d 621, 625-26 (9th Cir. 1989)](#)*.

---

*Case law makes clear that the omission of a provision in the Statutes at Large from the U.S. Code when that section of the statutes is codified should not be seen as rendering the omitted provision ineffective.*

---

One of the arguments that is often urged to support the adoption of a restrictive interpretation of §524(e), and to buttress the conclusion that this section prohibits a bankruptcy court from issuing injunctions pursuant to §105(a) for the purpose of releasing non-debtor third parties from liability, is the fact that in 1994 Congress added a new subsection (g) to §524 of the Bankruptcy Code. Section 524(g), sometimes referred to as the "Manville Amendment," provides explicit legislative authority to bankruptcy courts to issue exceptionally expansive injunctions enjoining asbestos tort claimants from asserting claims not only against the reorganized debtor but also against third parties. Therefore, the argument is made that §524(e) must be construed to deny such authority in other non-asbestos, cases. This argument was first articulated in Footnote 6 of the Ninth Circuit's decision in *Lowenschuss.*

Without attempting to resolve the debate regarding a bankruptcy court's power to issue a third-party injunction, this article will focus on correcting a serious flaw in the analysis of those who would argue that the enactment of §524(g) buttresses a conclusion that §524(e) does not permit bankruptcy courts to release claims against non-debtors.

The stated goal of Congress in enacting §524(g) was to provide absolute certitude for the channeling injunctions entered in connection with chapter 11 reorganization proceedings with future personal injury claims against the debtor based on exposure to asbestos-containing products. Such channeling injunctions had been entered in the *Johns-Manville* case and the *UNR* case. However, lingering uncertainty existed in the financial community as to whether the injunctions entered in those cases could withstand all challenges. *See* H.R. Rep. 835, 103d Cong., 2d Sess. 40 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3349.

As a part of the Bankruptcy Reform Act of 1994 (P.L. 103-394), which contained [11 U.S.C. §524(g)](#), Congress included a "rule of construction" applicable to §524(g). This "rule of construction" was included as subsection (b) in the text of §111 of the Bankruptcy Reform Act of 1994 that both houses of Congress passed and that the president signed into law. However, the "rule of construction" was not officially codified as part of §524(g). The "rule of construction" provides:

Nothing in [the subsection adding 11 U.S.C. §524(g) to the Bankruptcy Code] shall be construed to modify, impair or supercede any other authority the court has to issue injunctions in connection with an order confirming a plan of reorganization.

11 U.S.C. §524(g) (rule of construction).

More importantly, the foregoing "rule of construction" appears in the Statutes at Large and may be cited as being at **108 Stat. 4117 (1994)**. By way of background, the Statutes at Large are all the laws enacted by Congress, set forth in order of enactment (not a convenient form, as you have to look to successive volumes to find any subsequent changes to a particular law). The Statutes at Large provide the legal evidence of law. **1 U.S.C. §112**. The U.S. Code is simply a restatement in convenient form of the law that is found in the Statutes at Large. Case law makes clear that the omission of a provision in the Statutes at Large from the U.S. Code when that section of the statutes is codified should not be seen as rendering the omitted provision ineffective. *See, e.g.,* **United States Nat'l Bank v. Independent Ins. Agents of Am., 508 U.S. 439 (1993)**. Accordingly, the rule of construction set forth above is equivalent to federal law.

To reinforce this analysis, the "rule of construction" that Congress appended to **11 U.S.C. §524(g)** even has its own legislative history. This legislative history is very illustrative and provides:

Section 111 contains a rule of construction to make clear that the special rule being devised for the asbestos claim trust/injunction mechanism is not intended to alter any authority bankruptcy courts may already have to issue injunctions in connection with a plan of reorganization. Indeed, Johns-Manville and UNR firmly believe that the court in their cases had full authority to approve the trust injunction mechanism. Other debtors in other industries are reportedly beginning to experiment with similar mechanisms. The committee expresses no opinion as to how much authority a bankruptcy court may generally have under its traditional equitable powers to issue an enforceable injunction of this kind. The committee has decided to provide explicit authority in the asbestos area because of the singular cumulative magnitude of the claims involved. How the new statutory mechanism works in the asbestos area may help the committee judge whether the concept should be extended into other areas. 140 Cong. Rec. H10, 766 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks).

If one were to examine the Bankruptcy Code without checking the actual enactment in the Statutes at Large, the plain language of the entire statute itself could easily be overlooked. Nevertheless, it is abundantly clear that Congress expressly forbade, by statute, precisely the analysis regarding the impact of §524(g) that was made in *Lowenschuss.*

Accordingly, the existence of explicit authority to bankruptcy courts to issue injunctions in asbestos reorganization cases is not a valid argument to support an argument that §524(e) denies such authority in other non-asbestos cases.

---

**Journal Date:** Monday, May 1, 2000

ABI is a (501)(c)(3) non-profit business (52-1295453)