**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: PURDUE PHARMA L.P., *et al.*<br>BANKRUPTCY APPEALS<br><br>This Filing Relates to<br><br>ALL MATTERS | 21 cv 7532 (CM)<br>21 cv 7585 (CM)<br>21 cv 7961 (CM)<br>21 cv 7962 (CM)<br>21 cv 7966 (CM)<br>21 cv 7969 (CM)<br>21 cv 8034 (CM)<br>21 cv 8042 (CM)<br>21 cv 8049 (CM)<br>21 cv 8055 (CM)<br>21 cv 8139 (CM)<br>21 cv 8258 (CM)<br>21 cv 8271 (CM)<br>21 cv 8548 (CM)<br>21 cv 8557 (CM)<br>21 cv 8566 (CM)<br><br>On Appeal from the United States Bankruptcy Court for the Southern District of New York (Drain, J.) |

**OBJECTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL*. TO THE RAYMOND SACKLER FAMILY'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ADDENDUM TO SUPPLEMENTAL BRIEF**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, N.Y. 10017
Telephone: (212) 450-4000
Facsimile: (212) 607-7984

*Counsel to the Debtors and Debtors in Possession*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, N.Y. 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

Purdue Pharma L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Purdue") and the Official Committee of Unsecured Creditors of Purdue (the "Official Committee") submit this brief in opposition to the Raymond Sackler family's motion for leave to file a further supplemental brief. *See Raymond Sackler Family's Notice of Motion and Motion for Leave To File Addendum to Supplemental Brief* [ECF No. 271] (the "RSF Motion").

The Raymond Sackler family contends that a further supplemental brief is justified to "afford it the opportunity to address arguments first raised" by briefs submitted at the Court's request on December 6, 2021, and to address supposed "misstatements of the record" in those submissions. RSF Mot. at 1. In point of fact, every argument raised, every fact alleged, and every single piece of evidence cited in every single one of the December 6, 2021 submissions and in the RSF Motion was raised, debated, and thoroughly considered during the bankruptcy proceedings. *See, e.g.*, *Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [Bankr. ECF Nos. 1753, 2157]; *Official Committee of Unsecured Creditors' Reply in Support of Its Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Privilege* [Bankr. ECF Nos. 2014, 2164]. There simply is nothing remotely "new" in any of the December 6 submissions that would justify giving the Raymond Sackler family or any other party a sur-reply. And, more importantly, all parties had ample opportunity to consider all of these issues and documents during mediation, negotiation, and the confirmation trial, and to bring them to the attention of the trier of fact. And many did.

To be sure, the Debtors, the Official Committee, and the creditors whose interests they represent have long-disputed the Sacklers' take on the existing record and various legal issues. But

extra "last word" briefing cannot possibly be warranted merely because parties continue to disagree with one another concerning the legal and factual significance of disputed evidence, or else sur-replies (and sur-sur-replies etc.) would be permissible in every case. The Debtors and the Official Committee urge the Court—which presides not as the trier of fact but as the appellate court—not to remand to the bankruptcy court or make any further findings of its own on these issues. After years of work, the myriad plan supporters ultimately reached a settlement with the Sacklers that obviates, for now, the need to resolve the parties' many disagreements of law and fact, including those that are the subject of the Raymond Sackler family's supplemental brief. However, as set forth in the supplemental briefs of both estate fiduciaries, who spent years investigating all of this and ultimately reached the many interlocking settlements embedded in the Plan, overwhelmingly supported by creditors and approved by Judge Drain, it is entirely possible that these issues could be the subject of active litigation with the Sacklers in the future, and any further findings concerning their factual or legal significance risks serious prejudice to Purdue's creditors. *See Supplemental Brief of Appellee the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.* [ECF No. 248] at 19; *Supplemental Brief of the Debtors-Appellees* [ECF No. 249] at 9-10.

Dated: December 9, 2021
New York, New York

Respectfully submitted,

*/s/ Marshall S. Huebner*
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, N.Y. 10017

*/s/ Mitchell P. Hurley*
Arik Preis
(apreis@akingump.com)
Mitchell P. Hurley
(mhurley@akingump.com)
Sara L. Brauner
(sbrauner@akingump.com)
Katherine Porter
(kporter@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP

Telephone: (212) 450-4000
Facsimile: (212) 701-5800

*Counsel to the Appellees-Debtors and Debtors in Possession*

One Bryant Park
New York, N.Y. 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Z.W. Julius Chen (admitted *pro hac vice*)
(chenj@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for The Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Bankruptcy Procedure 8015(h), as modified by Judge McMahon's instruction at the October 12 Scheduling Hearing regarding page and word limitations, the undersigned certifies that the above submission contains 562 words. The above memorandum also complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6), as modified by the January 29, 2020 Individual Practices and Procedures—Chief Judge Colleen McMahon § V(D), because this memorandum has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 12-point font.

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley