USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

In re: PURDUE PHARMA, L.P.

————————————————————— x

This Filing Relates to

————————————————————— x

ALL MATTERS

————————————————————— x

21 cv 7532 (CM) [Master Case]

[rel: 21 cv 7585 (CM)
21 cv 7961 (CM)
21 cv 7962 (CM)
21 cv 7966 (CM)
21 cv 7969 (CM)
21 cv 8034 (CM)
21 cv 8042 (CM)
21 cv 8049 (CM)
21 cv 8055 (CM)
21 cv 8139 (CM)
21 cv 8258 (CM)
21 cv 8271 (CM)
21 cv 8548 (CM)
21 cv 8557 (CM)
21 cv 8566 (CM)]

**ORDER CONDITIONALLY GRANTING DEBTORS' AND ALLIED PARTIES'
MOTION FOR A CERTIFICATE OF APPEALABILITY**

McMahon, J.:

Debtors and their allies – whose effort to have their plan of reorganization confirmed came a cropper when this court concluded that the Bankruptcy Code did not authorize the non-consensual releases of third party claims against the non-debtor Sacklers on which they had conditioned their financial contribution to the estate – have moved for an order, pursuant to 28 U.S.C. § 1292(b), certifying an interlocutory appeal to the United States Court of Appeals for the Second Circuit from this court's December 16, 2021 order vacating the Bankruptcy Court's (Drain, B.J.) confirmation of the plan. (*See* Dkt. Nos. 282, 284, 286, 294, 299). Their motion is opposed by the same consortium of Objecting States that insisted, just three short months ago, on the expeditious consideration of *their* appeal from the Bankruptcy Court's order confirming the plan. (Dkt. Nos. 292, 295, 297, 298). The ground for opposition: an interlocutory appeal would somehow delay the resolution of this overly-long case.

Not so. While an interlocutory appeal might alter the Objecting States' current negotiating position vis-à-vis the Debtors and the Sackler family (if the Court of Appeals were to disagree with this court's conclusion), it would not delay the ultimate resolution of the case. In fact, an expeditious appeal from this court's order meets every criterion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory order for appeal when: (1) the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This case involves all three. The court's ultimate conclusion -- that the Bankruptcy Code does not, even in "rare" or "unique" cases, authorize non-consensual releases of third party direct claims against non-debtors – presents a controlling question of law, one that mandated reversal of the plan confirmation. There is certainly substantial ground for a difference of opinion on this matter – as pointed out in the court's December 16 Decision and Order, the Circuits have been split on this question for three decades, and the Second Circuit has never actually come down on one side or the other. Finally, an immediate appeal from this Court's Order will materially advance the ultimate resolution of this case. A Second Circuit decision that clearly and conclusively answers this question will either authorize or rule out the one thing that that parties contend is key to the resolution of Purdue's bankruptcy – whether the Sackler Family can buy "global peace" without its members becoming debtors in bankruptcy themselves. Such a ruling would provide much-needed guidance in pending and future chapter 11 cases in this Circuit where reorganization depends on the availability of non-consensual non-debtor releases – which is not a statutory consideration, but is certainly a consummation devoutly to be wished.

The Objecting States – flush with victory on their appeal and determined to use it to their negotiating advantage – insist that the appeal would delay final resolution because it would divert attention from efforts to revise the plan and reach a solution to which all Objectors could consent.[1] I disagree. Certifying an interlocutory appeal ought not prevent or divert the parties from trying to reach a consensual resolution. There are hundreds of lawyers at dozens of law firms working on this bankruptcy. Some of them can write appellate briefs over the next few weeks, while others negotiate under the watchful eye of The Hon. Shelley Chapman, who was asked by Judge Drain earlier this week to see if the parties could reach some kind of universally acceptable settlement. Frankly, this matter could be submitted to the Second Circuit on the superb briefs filed in this court, to which need be added only a brief discussion of the parties' views about this court's ruling. Pretty much everything that can be said about the statutory authority issue has been said in briefs that are already written.

Moreover, I am conditioning the grant of this motion on Debtors' and the Sacklers' applying to the Second Circuit, not just for leave to appeal, but for an expedited appeal – relief that it is beyond my power to grant, but that I am sure the Second Circuit would seriously consider. I have no reason to believe that this case will linger any longer in the Court of Appeals than it did in this court. On the contrary, I have every reason to believe that the Circuit will appreciate, as this Court came to appreciate, the imperative of an expeditious resolution in light of the continuing opioid crisis that was precipitated in large measure by Purdue and the Sacklers.

If the parties reach an accord that obviates the need to resolve the open question of whether the Bankruptcy Code authorizes the Section 10.7 Shareholder Releases that are the subject of this litigation, the appeal can be withdrawn. And if they do not, the parties will have the additional legal guidance they need to fashion a different plan that will work. Who knows? The pendency of

---

[1] Judge Drain was certainly right about one thing: where the Objecting States are concerned, it really is all about the money, specifically how much money the Sacklers are prepared to pay to "buy peace."

the appeal and the prospect of a definitive ruling from the Circuit might spur the parties to reach a resolution. I generally find that a looming deadline and the prospect of a final answer hastens the resolution of cases that are destined to settle.

So the motion for a certificate of appealability is granted, conditioned on the following: the parties seeking to appeal this court's decision and order vacating confirmation of the plan have until January 17, 2022, to make an application to the Second Circuit for an appeal, and that motion must include a request that the appeal be considered on an expedited basis, given the urgency of the opioid crisis and the importance of the issue to the resolution of this case.

This constitutes the decision and order of the court. The Clerk is directed to remove the motions at 282, 284, 286, and 294 from the court's list of open motions.

Dated: January 7, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL AND PRO SE PARTIES